IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEROME G. BEERY,

    Appellant,

vs.                                    Civ. No. 98-457 LH/LCS
                                           Bankr. No. 7-94-10504 MA
                                           Adv. No. 97-1059 M

YVETTE GONZALES, Trustee,

    Appellee.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

Proposed Findings

    1. This matter comes before the Court upon Appellant's (Beery) Notice of Appeal, filed April 17, 1998. Beery appeals the Bankruptcy Court's Order Denying Motion for Summary Judgment, filed April 8, 1998. In March 1997, the Trustee filed Adversary Proceeding No. 97-1059 M to seek a judicial determination of the nature and extent of Beery's interest in two properties: the Los Alamos and Placitas properties. In his Motion for Summary Judgment, Beery asserted that he did not have any interest in those two properties and so, as a matter of law, the Trustee had not interest in those properties. The Bankruptcy Court denied the Motion for Summary Judgment because it determined that there were disputed issues of material facts.

    2. In his Appeal Brief, filed September 11, 1998, Beery basically reargues that he does not have any interest in the Los Alamos and Placitas properties. The Trustee in her answer brief raises two additional issues. First, the Trustee contends that this Court lacks appellate jurisdiction. Second, the Trustee asserts that Beery should be sanctioned for bringing a frivolous

1

appeal. Because this Court must have appellate jurisdiction before it can address any of the other issues, I will discuss the question of appellate jurisdiction first.

A. Appellate Jurisdiction of a Final Order

(1) Finality Under 28 U.S.C. §158

3. The Trustee argues that appellate jurisdiction is lacking because the Order Denying Motion for Summary Judgment is a not a final order nor appealable as a matter of right. The Trustee also argues that this matter is not a reviewable interlocutory appeal. 28 U.S.C. §158 governs the jurisdiction of bankruptcy appeals. It provides in pertinent part:

(a) The district courts of the United States shall have jurisdiction to hear appeals
(1) from final judgments, order, and decrees;
...
(3) with leave of the court, from other interlocutory orders and decrees.

"'[T]o be final and appealable, the district court's order must end the litigation and leave nothing to be done except execute the judgment.'" *In re Buckner*, 66 F.3d 263, 265 (10th Cir. 1995)(quoting *In re Magic Circle Energy Corp.*, 889 F.2d 950, 953 (10th Cir. 1989)(citation omitted). When a motion for summary judgment is denied, the *status quo* is preserved in that matter or proceeding. *In re Smith,* 735 F.2d 459, 461 (11th Cir. 1984). "[B]y its very nature a denial of summary judgment cannot be conclusive." *Id*. Consequently, "[t]he denial of summary judgment is interlocutory in nature and is thus not appealable." *Id. See also Petrini v. Howard*, 918 F.2d 1482, 1483 n.3 (10th Cir. 1990)("Ordinarily denial of summary judgment is not appealable."). The above case law persuades me that the Bankruptcy Court's Order Denying Motion for Summary Judgment is not "final" under §158(a)(1). Having determined that the Bankruptcy Court's Order is not "final," the question becomes whether either of two limited

exceptions to §158(a)(1) apply: practical or pragmatic finality and the collateral order doctrine.

(2) Practical or Pragmatic Finality

4. Practical or pragmatic finality permits appellate jurisdiction where the "danger of injustice by delaying appellate review" outweighs the policies favoring finality. *Bender v. Clark*, 744 F.2d 1424, 1427 (10th Cir. 1984). This exception to statutory finality is reserved only for very "unique" or "exceptional" circumstances. *Albright v. UNUM Life Ins. Co. of America,* 59 F.3d 1089, 1094 (10th Cir. 1995); *State of Utah by and through Utah State Dept. of Health v. Kennecott Corp.*, 14 F.3d 1489, 1496 (10th Cir.), *cert. denied*, 513 U.S. 872 (1994). That is not the case here. I, therefore, find that this Court does not have appellate jurisdiction pursuant to the doctrine of practical or pragmatic finality.

(3) Collateral Order Doctrine

5. To qualify for the collateral order exception to finality the order must "'presen[t] a serious and unsettled question.'" *John E. Burns Drilling Co. v. Central Bank of Denver*, 739 F.2d 1489, 1492 n.7 (10th Cir. 1984)(quoting *Nixon v. Fitzgerald*, 457 U.S. 731, 742 (1982)(citations omitted)). The collateral order exception requires that an order "'[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from final judgment.'" *State of Utah*, F.3d at 1492 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)). In this case, I find that Beery's issues on appeal are not sufficiently "serious" nor do they present an "unsettled" question. Moreover, I find that the Order Denying Motion for Summary Judgment does not constitute a collateral order and so is not subject to the collateral order doctrine. *See In re Smith*, 735 F.2d at 461 (order denying summary judgment is not a collateral order). In sum, I conclude that this

Court does not have any kind of "finality" jurisdiction over this appeal.

B. Interlocutory Jurisdiction

6. As the Trustee notes, Beery has not sought this Court's permission to file an interlocutory appeal of the Bankruptcy Court's Order Denying Motion for Summary Judgment. Even so, under Fed. R. Bankr. P. 8003(c), this Court can treat a timely filed notice of appeal as a motion for leave to file an interlocutory appeal. *See, e.g., In re Kruckenberg*, 160 B.R. 663, 665 (D. Kan. 1993). It is, however, within the Court's discretion to hear an interlocutory appeal. *Id*. at 666. An interlocutory appeal can be taken when the order at issue "involves a (1) controlling question of law (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *Id*. Beery has the burden of showing these three elements. *In re Blinder, Robinson, & Co., Inc.*, 135 B.R. 899, 901 (D. Colo. 1992).

7. Clearly, there is a factual dispute over the extent and nature of Beery's interests in the Los Alamos and Placitas properties. *See* Order Denying Motion for Summary Judgment, filed April 8, 1998. Consequently, this appeal concerns primarily a question of fact, not a controlling question of law. *See In re Hebb*, 53 B.R. 1003, 1006-7 (D. Md. 1985)(appeal based on conclusions of fact is not suited for interlocutory appeal). Additionally, I cannot find that there is a "substantial ground for difference of opinion" because summary judgment is simply not appropriate where there is a disputed question of a material fact. *See* Fed. R. Civ. P. 56(c).[1] I, therefore, find that Beery has failed to carry his burden of demonstrating that the Court should allow an interlocutory appeal of the Order Denying Motion for Summary Judgment. Accordingly,

---

[1]Fed. R. Bank. P. 7056 makes Fed. R. Civ. P. 56(c) applicable to bankruptcy proceedings.

4

I find no reason to permit an interlocutory appeal. I conclude that this Court lacks appellate jurisdiction over this appeal. A dismissal of the appeal with prejudice is warranted.

C. Sanctions

8. The Trustee argues that this appeal is frivolous and she should, therefore, be awarded attorney's fees and costs for defending the appeal. The Trustee contends that Beery appealed the Order Denying Motion for Summary Judgment to delay the final judgment in the adversary proceeding. This Court can assess just damages such as attorney's fees and single or double costs when an appeal is frivolous or brought to delay proceedings. Fed. R. App. P. 38; *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987). "An appeal is frivolous when 'the result is obvious, or the appellant's arguments of error are wholly without merit.'" *Braley*, 832 F.2d at 1510 (quoting *Taylor v. Sentry Life Ins. Co.*, 729 F.2d 652, 656 (9th Cir. 1984)). The Tenth Circuit has noted that Fed. R. App. P. 38 "should doubtless be more often enforced than ignored in the face of a frivolous appeal.'" *Id*. (quoting *WSM, Inc. v. Tennessee Sales Co.*, 709 F.2d 1084, 1088 (6th Cir. 1983)). Moreover, an appellant's *pro se* status does not prohibit a Court from imposing sanctions for a frivolously filed appeal. *See Olson v. Coleman*, 997 F.2d 727, 728 (10th Cir. 1993).

9. Beery is no stranger to *pro se* litigation. He has already filed five appeals in his bankruptcy case.[2] Furthermore, Beery's Appeal Brief contains no legal authority to support his argument regarding his alleged lack of interest in the Los Alamos and Placitas properties. A review of the Motion for Summary Judgment culminates in an obvious result, the result reached

---

[2] BAP No. NM-98-003; Civ. No. 98-384 M/LCS; Civ. No. 98-422 MV/LCS; and Civ. No. 95-1162 JP/RLP.

5

by the Bankruptcy Court in its Order Denying Motion for Summary Judgment. I conclude that Beery's appeal is indeed frivolous and that he is subject to sanctions including attorney's fees and single costs.

## Recommended Disposition

I recommend dismissing this bankruptcy appeal for lack of jurisdiction. I also recommend remanding this matter to the Bankruptcy Court for a determination of reasonable attorney's fees and costs incurred by the Trustee to defend this appeal. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
United States Magistrate Judge